[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11372

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2012
JOHN LEY
CLERK

D. C. Docket No. 0:08-cr-60279-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HOWARD, JR.,

Defendant-Appellant.

_____

No. 10-11373

_____

D. C. Docket No. 0:08-cr-60279-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

POMPANO HELICOPTERS, INC.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(March 7, 2012)

Before DUBINA, Chief Judge, ANDERSON, and KLEINFELD,* Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the district court is due to be affirmed. We address several of the issues raised on appeal.

We reject defendants' argument that the statute of limitations bars the mail fraud conviction of Pompano. We note that the mailing at issue occurred on September 29, 2003, and the indictment was filed on September 25, 2008, within the 5-year period of the statute of limitations. We reject defendants' argument that the fraud was completed, and had come to its fruition, as of December 2002, when defendants received the purchase money for the helicopter from the Mexican purchaser. Part and parcel of the scheme to defraud alleged in the indictment was the provision of false documents to the FAA so that the helicopter could be de-registered from the FAA and clear title could be transferred to the Mexican

_____

*Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

purchaser. Pompano was convicted of the mail fraud count; the jury found that the alleged fraud had in fact occurred. Ample evidence supports the jury's verdict.

We reject defendants' challenge to the venue for the false statements charges against Howard and Pompano. The false statement in the instant case was prepared in, and mailed from, the Southern District of Florida. Venue there is expressly authorized under 18 U.S.C. §3237(a). See also United States v. Greene, 862 F.2d 1512, 1515 (11th Cir. 1989) (holding that venue is proper in §1014 cases in the district where the false statement is prepared and mailed, and noting that §1014 cases are governed by the same general rule of venue as are cases brought under §1001, namely 18 U.S.C. §3237(a)).

We reject defendants' argument that the mail fraud and false statement charges against Pompano were multiplicitous. Count I required a mailing, but no false statement. Count III required a false statement, but no mailing. Moreover, defendants failed to raise the multiplicitous argument before trial. We decline to entertain related arguments made by defendants under this heading because they are insufficiently developed or raised for the first time in the Reply brief.

We reject defendants' argument that the district court erred in admitting into evidence a copy of the lien release and disclaimer ("R&D"). The original was destroyed pursuant to a routine document retention policy. The district court found that there was no evidence of bad faith, no evidence of knowledge of the pending

3

litigation, and no evidence spoilation. Defendants' initial brief on appeal fails to explain how defendants were prejudiced. For example, defendants failed to show that the copy introduced into evidence was deficient in any manner relating to defendants' ability to dispute the evidence of forgery.

With respect to Pompano's mail fraud conviction, defendants' argue that the district court erred in omitting the word "willfully" in the jury instruction. We reject defendants' argument because defendants failed in their opening brief to cite any authority to support their argument, and because defendants failed to explain how and why the omission prejudiced them in the jury's consideration of their defense. Defendants' challenge to the instructions with respect to statute of limitations is rejected for the several reasons fully discussed at oral argument, and, alternatively, because the argument was insufficiently developed in defendants' initial brief.

We reject defendants' challenge to the <u>Allen</u> charge given by the district court. Defendants' briefs on appeal fail to explain how the instruction in the instant case, under the circumstances of the instant case, was more coercive than in our binding precedent. <u>See</u>, <u>e.g.,</u>, <u>United States v. Rey</u>, 811 F.2d 1453 (11th Cir. 1987).

We reject defendants' arguments challenging the district court's loss calculation, both as inadequately developed in defendants' initial brief, and as

4

being wholly without merit.  In any event, we conclude that there is ample evidence to support the district court's   loss calculation.

We reject defendants' challenge to the district court's obstruction of justice enhancement.   The district court found that the testimony of defendant Howard's sister and wife was not credible, and that Howard had procured their testimony.  Contrary to defendant's argument, there is ample evidence to support the district court's findings.

We reject defendants' restitution arguments.   With respect to Pompano, defendants' arguments are frivolous.  With regard to defendant Howard, we agree with the district court that TFC and Cessna were proximately harmed as a result of the commission of the false statement charge of which he was convicted.

Other issues raised by defendants on appeal are rejected without need for further discussion.

AFFIRMED.